UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REMIGIO I. AGUSTIN,

    Plaintiff,

v.

JULIE SU,

    Defendant.

Case No. 23-cv-02131-JD

**ORDER RE DISMISSAL**

    Pro se plaintiff Remigio Agustin alleges that defendant Julie Su, in her capacity as Secretary of the U.S. Department of Labor, violated the Federal Employee Compensation Act (FECA), 5 U.S.C. § 8102 *et seq.*, and the Due Process Clause of the Fifth Amendment to the U.S. Constitution, by denying him a "right to a fair and full adjudication" of his claim for disability benefits. Dkt. No. 1 at 27. He seeks a nationwide preliminary injunction, declaratory relief, damages, and a writ of mandamus. *See* Dkt. Nos. 1 & 7. The Secretary asks to dismiss the complaint for lack of standing and lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dismissal is granted with leave to amend.

## BACKGROUND

    As alleged in the complaint, Agustin is a former civilian employee of the U.S. Navy who suffered severe medical injuries when he fell and struck his head on a concrete floor in the 1990s. Dkt. No. 1 at 2. The Office of Workers' Compensation Programs (OWCP) within the Department of Labor accepted his FECA claim and began administering disability benefits. *Id*.

    Reimbursements for Agustin's psychiatric treatment by Dr. Vasdeep Kahlon were provided from 1995 until 2020, when OWCP stopped paying Dr. Kahlon's bills. *Id*. at 7. After Agustin advised his Claims Examiner in September 2022 that Dr. Khalon declined to see him due to the lack of payment, Dkt. No. 1-3 at ECF p. 55, the agency told Agustin that some bills had not

been paid in full because the amount billed exceeded the Federal Government Fee Schedule, and that others were not paid because Dr. Kahlon's license with the government had expired, Dkt. Nos. 12 ¶ 4; 12-1, Attach. 6.  OWCP provided various instructions to Agustin and Dr. Kahlon about how to get the FECA reimbursements back on track.  *See* Dkt. No. 12-1, Attachs. 6 & 8.

In October 2022, Agustin received a notice stating that he was required to provide an updated medical assessment form to OWCP within 30 days, and that failure to do so "may impact [his] benefits."  Dkt. Nos. 1 at 7; 1-3 at ECF p. 57.  Agustin alleges that, because the agency had stopped paying Dr. Kahlon, he was "unable and failed to submit" the required assessment form.  Dkt. No. 1 at 7.

In February 2023, OWCP scheduled Agustin for a telephonic Second Opinion examination with a government-approved physician, pursuant to 5 U.S.C. § 8123(a), and created a Statement of Accepted Facts (SOAF) concerning Agustin's injuries for the examiner's reference.  *See* Dkt. Nos. 1 at 7-8; 12-1, Attachs. 12 &13.  Agustin alleges that the SOAF was "inaccurate and incomplete," and that the agency did not provide him with a copy in advance of the exam.  Dkt. No. 1 at 7-8.

Agustin did not attend the examination.  He says that he was unable to attend due to unclear instructions from OWCP, and because of his symptoms.  Dkt. No. 1 at 8.  OWCP issued a Notice of Proposed Suspension of Benefits requiring him to submit a justification for his failure to attend the examination within 14 days.  Dkt. No. 12-1, Attach. 18.  The Notice advised that complaints of illness did not suffice because the hearing was telephonic, and that his psychiatrist failed to submit adequate evidence of his continued disability.  *Id*.  Dr. Kahlon subsequently submitted a letter attesting to Agustin's disability, and Agustin submitted a response in which he argued that the examination was unlawful.  *See* Dkt. No. 12-1, Attachs. 19 & 20.

On April 7, 2023, the OWCP issued a Notice of Decision suspending Agustin's FECA benefits due to his failure to attend the Second Opinion examination, pursuant to 5 U.S.C. § 8123(d).  Dkt. No. 12-1, Attach. 21.  The Notice advised that benefits would resume if Agustin "fully cooperated with the examination."  *Id*. at 2.  The Notice also presented options for administrative appeal of the suspension decision.  *Id*. at 3-4.

2

Agustin did not pursue an administrative appeal. Instead, he filed this lawsuit. Dkt. No. 1. Three days later, his benefits were reinstated with retroactive effect and his SOAF was updated to include the fact that Agustin hit his head when he fell. Dkt. Nos. 12 ¶ 15; 21-1, Attach. 23.

The agency then scheduled Agustin for another Second Opinion exam and again advised him that failure to attend could result in suspension of benefits. Dkt. No. 12-1, Attachs. 23 & 26. Agustin submitted a responsive letter in which he argued that the examination was unlawful, requested accommodations for the examination under the Americans with Disabilities Act, and asked that certain medical conditions be accepted and included in his SOAF. *Id*., Attach. 24. Agustin again did not attend the Second Examination, and the agency sent another Notice of Proposed Suspension. *Id*., Attachs. 27 & 28.

On July 20, 2023, the agency advised Agustin that it was not pursuing the suspension due to "the current medical evidence, including evidence recently received," and that it was not "pursuing the scheduling of a second opinion examination at this time." *Id*., Attach. 29.

**LEGAL STANDARD**

The Secretary principally contests subject matter jurisdiction. "Unless the jurisdictional issue is inextricable from the merits of a case, the court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure." *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (internal citation and quotation marks omitted). *See Friends of Del Norte v. Cal. Dep't of Transp.*, No. 18-CV-00129-JD, 2020 WL 1812175, at *1 (N.D. Cal. Apr. 9, 2020). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id*. (citation omitted). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1102 n. 1 (9th Cir. 2007).

**DISCUSSION**

Agustin's complaint alleges a number of grievances against OWCP dating back to the early 1990s. Reviewing it with the liberality afforded pro se litigants, the Court construes it to allege a cause of action under the Administrative Procedures Act for violation of FECA, and a constitutional claim for violation of the Fifth Amendment's guarantee of procedural due process, on the following theories:

- The agency suspended his FECA benefits without due process. Dkt. No. 1 at 25.
- Requiring a Second Opinion examination was a violation of FECA and of due process, because the agency had previously determined that he was eligible for benefits. *See* Dkt. No. 1 at 13-14; Dkt. No. 7.
- The agency denied him notice and an opportunity to be heard concerning the content of the SOAF(s) prepared for the Second Opinion examination. *See* Dkt. No. 1 at 13; 16-17.
- The agency deprived him of his "constitutionally protected right to medical care and treatment under FECA" by failing to pay Dr. Kahlon's bills. Dkt. No. 1 at 23.

Assuming for purposes of discussion that Agustin has standing to bring his claims, the case must be dismissed because FECA bars review of the Secretary's benefits determinations. "FECA establishes a comprehensive and exclusive workers' compensation scheme for federal employees." *Markham v. United States*, 434 F.3d 1185, 1187 (9th Cir. 2006). "The Secretary has the authority to administer and decide all questions under FECA, 5 U.S.C. § 8145, and may formulate rules and regulations necessary to administer the Act, 5 U.S.C. § 8149." *Id*. "[C]ourts do not have jurisdiction to review FECA claims challenging the merits of benefit determinations." *Id*. *See* 5 U.S.C. § 8128(b) ("The action of the Secretary or his designee in allowing or denying a payment under this subchapter is … not subject to review by another official of the United States or by a court by mandamus or otherwise.").

"The courts have fashioned two narrow exceptions to this absolute jurisdictional bar. Courts retain jurisdiction to consider constitutional challenges or claims for violation of a clear statutory mandate or prohibition." *Markham*, 434 F.3d at 1187 (citing *Staacke v. U.S. Sec'y of Labor*, 841 F.2d 278, 281 (9th Cir. 1988)).

4

Agustin's complaint does not fall within either of these narrow exceptions. None of Agustin's grievances constitute a violation of a "clear statutory mandate or prohibition." *Markham*, 434 F.3d at 1187. To the contrary, the statute authorizes the Secretary to order re-examination of a beneficiary such as Agustin. *See* 5 U.S.C. § 8123(a) ("An employee shall submit to examination by a medical officer of the United States, or by a physician designated or approved by the Secretary of Labor, after the injury and as frequently and at the times and places as may be reasonably required."). It also provides that failure to "submit" to such an examination will result in the suspension of benefits. *Id*. § 8123(d). To permit judicial review of the Secretary's intermediate decision to investigate the merits of his claim would be akin to reviewing the Secretary's ultimate benefits determination, and therefore an end-run around Congress's decision to vest sole discretion over benefits determinations with the Secretary.

Agustin's constitutional claim cannot move forward either. Judicial review is not available when the plaintiff simply rephrases a challenge to an unreviewable benefits determination with constitutional "[r]hetoric." *Markham*, 434 F.3d at 1186. In *Markham*, the plaintiff had challenged a threatened suspension of benefits if he did not attend vocational rehabilitation at the direction of the agency, as well as certain frustrating features of the OWPC bureaucracy. *See id*. at 1186-87. Our circuit held that, "Pure policy decisions concerning the administration of FECA are entirely within the discretion of the Secretary," and that the due process claims were "wholly insubstantial, rendering the federal courts without subject matter jurisdiction." *Id*. at 1188.

As pled, Agustin's constitutional claims are similarly "insubstantial" and so insufficient to invoke this Court's jurisdiction. *Id*. "Procedural due process claims require (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003) (citation omitted). Agustin has not identified any authority suggesting that he has a constitutionally protected property interest in receiving treatment from Dr. Kahlon specifically, or that he was temporarily deprived of that right without adequate procedural protections. The Court lacks jurisdiction to hear complaints about administrative matters such as "claims processing and customer service." *Markham*, 434 F.3d at 1188.

5

To be sure, Agustin has a recognized property interest in his FECA benefits, and "due process principles require at least notice and an opportunity to respond in some manner, whether in writing or at an oral hearing, before termination of that interest." *Raditch v. United States*, 929 F.2d 478, 480 (9th Cir. 1991).  But nothing in the record suggests that Agustin's benefits were suspended without notice or an opportunity to be heard, *Markham*, 434 F.3d at 1188, or that Agustin was deprived of adequate post-deprivation remedies, *Raditch*, 929 F.2d at 480 (holding that OWCP provides sufficient predeprivation and postdeprivation procedures for FECA claimants); *see also Kimber v. Mabus*, 627 F. App'x 666, 667 (9th Cir. 2015) (unpublished).  To the contrary, the record indicates a substantial degree of communication and accommodation by the federal agency, and that Agustin chose not to himself of the OWCP's appeals procedures, for which he "cannot now argue that he was denied procedural due process." *Raditch*, 929 F.2d at 482.

## CONCLUSION

Although the complaint's defects are unlikely to be cured by amendment, it is not fully clear that amendment would be futile.  Consequently, the complaint is dismissed with leave to amend.  An amended complaint that conforms to this order may be filed by February 29, 2024.  The complaint may not add any new defendants or causes of action without leave of the Court.  Failure to meet this deadline will result in dismissal pursuant to Rule 41(b).

**IT IS SO ORDERED.**

Dated: January 26, 2024

_____
JAMES DONATO
United States District Judge